IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY J. JAMES,<br>    TDCJ-CID NO.848684,<br>    Plaintiff, | }<br>}<br>}<br>} | |
| v. | } | CIVIL ACTION NO. H-07-1828 |
| STACIE MARTIN, *et al.*,<br>    Defendants. | }<br>}<br>} | |

### **OPINION ON DISMISSAL**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. ' 1983 against prison staff at the Beto and Hamilton Units of the Texas Department of Criminal Justice (ATDCJ@). The United States District Court for the Eastern Division of Texas-Tyler Division dismissed plaintiff=s claims against defendants V. Carlson and E. Cairns from the Beto Unit and Madeline Ortiz and Douglas Dretke. *James v. Carlson*, Civil Action No.6:06cv120 (E.D. Tex. Apr. 25, 2007) (Memorandum Opinion and Order of Dismissal and Transfer at Docket Entry No.22). The Tyler District Court severed plaintiff=s remaining claims against defendants Stacie Martin, Rick Adair, Sgt. Hosea, Captain Muniz, Captain Jones, and Warden Roberson from the Hamilton Unit and transferred those claims to this Court. (*Id.*). For the reasons to follow, the Court will dismiss plaintiff=s claims against defendants Martin, Adair, Hosea, Muniz, Jones, and Roberson.

## CLAIMS

On October 6, 2003, plaintiff was granted parole on the condition that he complete a drug and behavioral treatment program. (Docket Entry No.1). Prior to entering the rehabilitation program, plaintiff had been diagnosed with hyperthyroidism and had been subject to certain work restrictions. (Docket Entries No.1, No.22). Plaintiff entered the program at the Beto I Unit of TDCJ-CID in mid-April, 2004. (*Id.*). AOn April 21, 2004, plaintiff received a new classification form which included no work restrictions at all.@ (Docket Entry No.22). On May 19, 2004, plaintiff=s restrictions were altered to include a four-hour work limitation, a limitation on standing and sitting, and a restriction of no exposure to temperature extremes. (*Id.*). On August 1, 2004, he was transferred to the Hamilton Unit of TDCJ-CID. (Docket Entry No.28). In October 2004, the restrictions on limited standing and sitting were removed. (Docket Entries No.1, No.22). Plaintiff claims these restrictions were removed due to manipulation of the medical department by Assistant Warden Roberson and were specifically removed by PA Jim Rosales. (Docket Entry No.28).

On October 11, 2004, Senior Counselor Rick Adair and Counselor Stacie Martin placed plaintiff on an alternative treatment program at the Hamilton Unit at the behest of Adair, Martin, and Assistant Warden Roberson. (Docket Entries No.11, No.28). On October 12, 2004, Sgt. Hosea called plaintiff to do field work. (Docket Entry No.28). Plaintiff informed Hosea about his medical condition and work restrictions. (*Id.*). Plaintiff claims that although the medical department confirmed plaintiff=s condition and restrictions, Hosea forced him to do field work from 7 a.m. to 11 a.m., which included breaking concrete around fence posts, carrying the broken concrete to a

central location some yards away, and placing the concrete in a pile.  (*Id.*).  When plaintiff did not report to his work assignment in the field on October 13, 2004, he was questioned by Warden Roberson, Captain Muniz, and Captain Jones about his absence from work.  Plaintiff explained that his medical condition and work restrictions prohibited him from working in the field.  Plaintiff claims that defendants verified the restrictions but nevertheless, forced him to participate in the work activities.  (Docket Entries No.1, No.28).

Plaintiff contends that as a result of being forced to work in the fields he exacerbated a pre-existing medical condition, which caused aggravating pain in his lower back, knees, elbows, ankles, upper arms, thighs, and he suffered from heat intolerance.  (Docket Entry No.28).  Plaintiff also complains that he injured his shin, although he does not state the nature or extent of such injury.  (*Id.*).  He claims that he sought medical attention for his injured shin on October 12, 2004, but was given an ice pack and told that he was not to engage in field work.  (*Id.*).

Plaintiff claims that on October 13 and 14, 2004, unknown counselors following the orders of Adair and Roberson intentionally, knowingly, and willingly forced him to sit in a Aghost contract/prospect chair@ or in Aprops@ without talking or moving from 12 p.m. to 4 p.m. except for periodic breaks.[1]  (Docket Entries No.1, No.28).  As a result, pre-existing medical conditions in his lower back, knees, elbows and ankles were exacerbated.  He was denied medical attention by unidentified medical personnel.

---

[1] The activity Aprops@ Aconsists of sitting with hands on knees, elbows and back locked, and head straight in an upright position, sometimes for hours at a time.@  (Docket Entry No.22).

(Docket Entry No.28).  He was unable to file a grievance because "offenders are only allowed to file one grievance every 7 days."  (*Id.*).

Plaintiff indicates that he did not receive a disciplinary violation for failing to comply with the requirements of the program.  (*Id.*).  Instead, he contends that he was threatened with forfeiture of his parole if he did not comply with the defendants' demands.  (*Id.*).  On October 15, 2004, plaintiff was moved to a transit unit after his parole vote was withdrawn.  He was removed from the Hamilton Unit a month later.  (*Id.*).  He did not complete the alternative program.  (*Id.*).

Plaintiff seeks compensatory and punitive damages from defendants on grounds that defendants were deliberately indifferent to his serious medical needs and subjected him to cruel and unusual punishment by forcing him to sit in "props" position, forcing him to participate in activities in direct contradiction of his medical condition, and threatening him with forfeiture of his parole if he did not comply.  (Docket Entry No.28).

## DISCUSSION

When a litigant proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if

the complaint alleges violation of a legal interest which clearly does not exist.@ *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)).

<u>Deliberate Indifference to Serious Medical Needs</u>

The Constitution does not mandate comfortable prisons; it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits the Aunnecessary and wanton infliction of pain,@ conditions Agrossly disproportionate to the severity of the crime warranting imprisonment,@ and deprivation of Athe minimal civilized measure of life=s necessities.@ *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A[T]he Eighth amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience.@ *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989). Instead, the Eighth Amendment imposes on prison officials a duty to provide humane conditions of confinement and to take reasonable steps to ensure the safety of those confined. *Farmer v. Brennan*, 511 U.S. 825, 831-33 (1994).

To prevail on a claim that a prison official violated this Eighth Amendment duty, an inmate must satisfy a two-prong test. First, the inmate must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were conscious of that risk. *Id.* at 834. Second, the inmate must prove that the prison official was deliberately indifferent to inmate health or safety. *Id.* Acting or failing to act with deliberate indifference to a substantial risk of serious harm to a

prisoner is the equivalent of recklessly disregarding that risk. *Id.* at 836. To establish a constitutional violation regarding a job assignment, the plaintiff must show that the work significantly aggravated a serious medical condition and prison officials were aware of the medical condition and ignored it. *Jackson v. Cain*, 864 F.2d 1235, 1246-47 (5th Cir. 1989).

The pleadings in this case show that at the time plaintiff began the alternative treatment program on the Hamilton Unit in mid-October, 2004, he was restricted to no more than four hours of work and no exposure to temperature extremes. (Docket Entries No.1, No.22). The record does not show that such restrictions were violated by plaintiff=s participation in the four hours of field work and four hours of sitting in props with periodic breaks. Furthermore, the record does not show that defendants had any reason to believe that plaintiff could not perform the field work or sit in a chair for four hours with periodic breaks. The Court takes judicial notice that the medical department at the Beto I Unit specifically stated in June 2004, that as long as he received a break every 45 minutes or so, plaintiff could sit in props. (Docket Entry No.22). Moreover, plaintiff=s pleadings do not show that working a short time in the field or sitting in props amounted to the unnecessary and wanton infliction of pain, a condition grossly disproportionate to the severity of the crime, or a deprivation of the minimal civilized measure=s of life=s necessities. In addition, plaintiff=s pleadings do not show that he suffered a significant physical injury, other than an unspecified injury to his shin and generalized pain in his extremities from working in the fields or sitting in props. Without more, plaintiff fails to state a colorable Eighth Amendment claim of cruel

and unusual punishment and fails to show that defendants were deliberately indifferent to his serious medical needs by forcing him to participate in the pre-parole program.

### Threats Regarding Parole Forfeiture

Plaintiff=s generalized claim that he was threatened with parole forfeiture is without a legal basis, and therefore, is also subject to dismissal. First, a verbal insult or threat in the prison context, without more, does not amount to an unconstitutional violation and is not actionable under 42 U.S.C. ' 1983. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Second, plaintiff has no constitutional right to or liberty interest in release on parole. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). AIn Texas, it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Therefore, plaintiff fails to show that his constitutional rights were violated by defendants who threatened to withdraw his parole for his refusal to participate in the pre-release program.

### CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff=s complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. ' 1915(e)(2)(B). All claims against all defendants are DENIED.
2. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to plaintiff and a copy by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159,

and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

Signed at Houston, Texas, on this 23rd day of August, 2007.

_____
Melinda Harmon
United States District Judge